JERRY G. DOYLE

*v.*

KEITH HAMPTON, Commissioner, Department of
Correction, State of Tennessee.

(*Nashville,* December Term, 1959.)

Opinion filed October 7, 1960.

JERRY G. DOYLE, Nashville, for appellant.

HENRY C. FOUTCH, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Jerry G. Doyle filed his petition in the Criminal Court of Davidson County seeking a declaratory judgment under Sections 23-1102 through 23-1113, T.C.A. The gravamen of the petition is that the Board of Pardons and Paroles should grant a parole to petitioner at the specified time under the statute when he has complied with statutory requirements entitling him to a parole and that they, the Board of Pardons and Paroles, do not have it within their power to refuse said parole when there is another conviction pending against the petitioner which is to begin at the conclusion of the first sentence, which is for life.

The petition seeks a construction of Section 40-3613, T.C.A. This Section, as it reads today and as carried in the Cumulative Supplement to the Code, is thus:

"*Power to parole.*—The board of pardons and paroles shall have power to cause to be released on parole any person sentenced to confinement in the penitentiary who has served the minimum term provided by law for the offense committed by him, less good time; provided, that no convict serving a life sentence shall be paroled until he has served for twenty-five (25) years, less diminution which would have been allowed for good conduct had his sentence been for twenty-five (25) years; provided further, that no person convicted of a sex crime shall be paroled unless the department of mental health, after an examination of such person, certifies to the board of pardons and paroles that he could be released with safety to the public."

This transcript shows that the petitioner, Doyle, was indicted in the Criminal Court of Knox County at the November Term, 1953, for the crimes of robbery and rape. At that time the petitioner was represented by able counsel. He was tried under these indictments and the jury found him guilty of the crime of rape and fixed his punishment at life imprisonment in the State penitentiary. He likewise plead guilty to the crime of robbery on the same day and the jury found him guilty of this crime and fixed his punishment for a period of not less than five nor more than twenty-five years in the penitentiary. The court in passing sentence ordered that the conviction in the robbery case run consecutively with the conviction and sentence rendered in the rape case.

Thus it is that under this state of facts that the petitioner now seeks to have the court direct that under a proper construction of the statute, above quoted, that petitioner is entitled to his parole under the life sentence at the conclusion of the time that he must serve under the statute less time for good behavior, etc. It is the petitioner's position that since he was convicted to serve a life sentence that then any other sentence which is to follow is a nullity because the life sentence does not expire during his life.

The record shows that petitioner had been given full credit on his prison sentences for all the good and honor time to which he is entitled and authorized under the provisions of Section 41-332 and Section 41-334, T.C.A. The record further shows that in conformity with the provision of the Code Section, above quoted (40-3613, T.C.A.), the Board of Pardons and Paroles has the discretion to compute the petitioner's life sentence in the conviction for rape on the basis of twenty-five years, less credit for his good and honor time, and should the petitioner conduct himself properly while an inmate of the penitentiary, in computing the allowance for good time and honor time, the petitioner would be required to serve a total of thirteen years and seven months on the life sentence. It is the complaint of the petitioner that the Board has indicated to him but for the additional sentence of five to twenty-five years under the robbery count which was fixed to run consecutively or after the life count, that since the life count is for life that this sentence amounts to a nullity, and the Board must grant his petition for parole under the life sentence statutes, above referred to, irrespective of the additional sentence of five

to twenty-five years and credits, etc., to be allowed under it.

The sole question thus involved in this case concerns the administrative power of the Board of Pardons and Paroles as outlined in Section 40-3613, T.C.A., above quoted, and 40-3614, T.C.A. This Section (40-3614) reads:

"*Grounds for parole—Terms.*—No prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the board is of opinion that there is reasonable probability that if such prisoner is released he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society. If the board shall so determine, such prisoner shall be allowed to go upon parole outside of prison walls and inclosure upon such terms and conditions as the board shall prescribe but to remain while thus on parole in the legal custody of the warden of the prison from which he is paroled, until the expiration of the maximum term specified in his sentence."

■ Under the last two Code Sections, referred to, this Court has held on two or three occasions that the granting of parole is a discretionary matter vested exclusively in the Board of Pardons and Paroles. See *State ex rel. Greene v. Rimmer,* 131 Tenn. 316, 174 S.W. 1134; *State ex rel. Neilson v. Harwood,* 183 Tenn. 567, 194 S.W.2d 448; and *Graham v. State,* 202 Tenn. 423, 424, 304 S.W.2d 622.

■ Parole, under our statutes, is nothing more than a conditional suspension of sentence. See *State ex rel. Neilson v. Harwood,* supra, for a full discussion of the question. The sentence of the man does not expire be-

cause of the parole, nor during the pendency of the parole. He during this time is still in the custody of the penal authorities of the State and subject to the provisions upon which he has been paroled. *State ex rel. Nicholson v. Bush,* 136 Tenn. 478, 190 S.W. 453. During this period of parole the prisoner, or petitioner as in this case, cannot be re-arrested under a capias, or whatnot, and placed in the penitentiary, jail or workhouse under a conviction had prior to the conviction upon which he is serving as a parolee from the State penitentiary. See *State ex rel. Nicholson v. Bush,* supra. So it is, that so long as the petitioner, or prisoner, is serving as a parolee under his term of confinement of life he remains on parole or under confinement of this sentence. The sentence for robbery, of course, is held in abeyance until the life sentence is served and it does not become effective for any purpose until the life sentence expires, or the prisoner has had a complete pardon under this sentence. Of course, under the life sentence, the prisoner, or petitioner here, cannot be made to serve the term for robbery because the life sentence continues as long as there is life, or a pardon has been granted.

In 39 Am.Jur., page 572, Section 82, the author of that work says:

"A parole does not vacate the sentence imposed, but merely suspends the execution of the penalty, and temporarily releases the convict from imprisonment on conditions which he is at liberty to accept or reject. Although the prisoner is conditionally released, the sentence is not set aside, nor is the offense expiated."

Thus it is that so long as the life sentence of petitioner has not been pardoned the question of whether or not he

shall be made to serve whatever time is necessary under the burglary conviction is purely a matter, under the statutes above referred to and those quoted, in the discretion of the Board of Pardons and Paroles. In other words, if in their judgment this man is not eligible for parole under these statutes and under their study of the question of rehabilitation and things of that kind, and if in their discretion they feel that it is necessary for him to serve this additional time, there is nothing that the courts can do about the matter. It might be rather unfortunate for the Board to have said, "You are going to serve your pro-rata time under the burglary conviction before we grant a parole, because this conviction, that is the burglary conviction, cannot begin until the other sentence has reached its end." If this end is the death of the petitioner then, of course, he won't serve the sentence on the burglary conviction. If the petitioner though is pardoned under the life sentence, then upon his pardon becoming effective the burglary conviction would become effective.

For the reasons above expressed, the judgment of the trial court is affirmed.