IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY 1997 SESSION

FILED

April 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| CARL ED LEMING, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9603-CC-00119 |
| | ) | |
| | ) | Bledsoe County |
| v. | ) | |
| | ) | Honorable Thomas W. Graham, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Habeas Corpus) |
| JAMES A. BOWLEN, Warden, | ) | |
| | ) | |
| Appellees. | ) | |

For the Appellant:

Carl Ed Leming, Pro Se
STSRCF Rt. 4, Box 600
Pikeville, TN 37367

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Elizabeth T. Ryan
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

James Michael Taylor
District Attorney General
        and
James W. Pope, III
Assistant District Attorney General
265 Third Avenue, Suite 300
Dayton, TN 37321

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

# O P I N I O N

The petitioner, Carl Ed Leming, appeals as of right from the dismissal of his petition for habeas corpus relief by the Bledsoe County Circuit Court for failure to state grounds justifying the issuance of a writ of habeas corpus. The petitioner is in the custody of the Department of Correction serving an effective sentence of forty-three years for his 1983 convictions of two counts of aggravated rape and one count of grand larceny. The convictions were based upon the petitioner entering guilty pleas. The petitioner was sentenced on December 13, 1983, as a Range I, standard offender to concurrent sentences of forty years for each aggravated rape conviction to be served consecutively to a three-year sentence for the grand larceny conviction. On appeal, the petitioner essentially contends that the trial court erred by dismissing his petition for habeas corpus relief without appointing counsel or conducting an evidentiary hearing because he has served the minimum term required for release eligibility.

In his pro se petition, the petitioner asserts that he is being illegally restrained of his liberty because the judgment orders for his convictions state that he would be eligible for release status upon serving thirty percent of his sentences. He claims that he entered the guilty pleas based upon his understanding that he would be released after the service of thirty percent of his sentences. He contends that he should be released because he has fully complied with the criteria of his plea agreement.

Although the plea agreement is not included in the record, we conclude that the petitioner is not entitled to habeas corpus relief. Challenges regarding the involuntariness of a guilty plea do not provide a basis for habeas corpus relief because

the judgment is merely voidable. Habeas corpus relief from a criminal case incarceration is only available in Tennessee when a petitioner's conviction is void or the sentence has expired. See Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Moreover, parole is a privilege and not a right. T.C.A. § 40-28-117(a); T.C.A. § 40-35-503(b). The authority to grant parole is vested exclusively in the board of pardons and parole, and the granting of parole is a discretionary matter. Doyle v. Hampton, 207 Tenn. 399, 340 S.W.2d 891, 893 (1960). A prisoner does not have an absolute right to be released on parole when he has served the minimum term for his conviction. State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839, 840-41 (1969).

Habeas corpus relief is not available to challenge the denial of prison privileges and related internal matters of our correctional institutions that have no bearing on the validity of the restraining conviction, the resulting sentence, or the expiration of the sentence. See, e.g., State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986). The appropriate method to challenge the Department of Correction's failure to calculate sentencing credits and parole dates is the Administrative Procedures Act. See T.C.A. §§ 4-5-101--325 (1991 and Supp. 1996); Brigham v. Lack, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988). When it is clear from the petition that the petitioner is not entitled to relief, the trial court is not required to conduct an evidentiary hearing or appoint counsel to represent the petitioner. See Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In this case, the petitioner claims that he has served his sentences and is entitled to immediate release because he has served the requisite percentage of time for release eligibility. However, release eligibility does not amount to an entitlement to immediate release.

3

Therefore, we agree with the trial court that the petition for habeas corpus relief fails to state a claim for which either a writ should issue or relief be granted. We affirm the judgment of the trial court.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Jerry L. Smith, Judge


_____
Thomas T. Woodall, Judge