**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JANUARY SESSION, 1997**

FILED

April 24, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STEVE L. BRYANT,** | **)** | **C.C.A. NO. 01C01-9605-CR-00190** |
| | **)** | |
| Appellant, | **)** | |
| | **)** | |
| | **)** | **DAVIDSON COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. J. RANDALL WYATT, JR.** |
| **STATE OF TENNESSEE,** | **)** | **JUDGE** |
| | **)** | |
| Appellee. | **)** | (Habeas Corpus) |

**ON APPEAL FROM THE JUDGMENT OF THE**
**CRIMINAL COURT OF DAVIDSON COUNTY**

FOR THE APPELLANT:

PARRISH B. STANTON
209 Tenth Avenue South
Nashville, TN 37203

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

LISA A. NAYLOR
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

VICTOR S. JOHNSON
District Attorney General

KATRIN N. MILLER
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37209-1649

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

This is an appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Defendant filed a petition seeking habeas corpus relief on the grounds that Tennessee's sentencing laws violate the separation of powers clause of the Tennessee Constitution and that the sentences authorized are indeterminate in nature and thus contrary to law. The trial court denied habeas corpus relief. We affirm the judgment of the trial court.

The petition for writ of habeas corpus alleges that the Defendant is in the custody of the Tennessee Department of Correction as a result of being convicted of burglary and larceny on January 19, 1989, in the Criminal Court of Davidson County, Tennessee. The petition alleges that the Defendant received a sentence of eighteen years to be served at thirty-five percent (35%).

We first note that a petition for writ of habeas corpus must contain a copy of the "legal process" upon which restraint is based, or a satisfactory reason for its absence. Tenn. Code Ann. § 29-21-107(b)(2). The petition in this case contains neither. This omission alone would warrant the trial court's dismissal of the petition. State ex rel. Wood v. Johnson, 393 S.W.2d 135, 136 (Tenn. 1965). In a habeas corpus proceeding, the burden of showing the invalidity of the judgment of conviction is upon the petitioner, "and in the absence of a production of the judgment, or a copy thereof, we must presume it was and is valid in all respects." State ex rel. George v. Bomar, 390 S.W.2d 232, 234 (Tenn. 1965). It is the Appellant's obligation to have prepared an adequate record in order to

allow meaningful review on appeal. Tenn. R. App. P. 24(b); <u>State v. Banes</u>, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993). The trial court did not err when it denied habeas corpus relief.

On appeal, the Defendant argues that our statutory scheme of sentencing violates the separation of powers clause of the State Constitution. <u>See</u> Tenn. Const. art. II, §§ 1 & 2. In sentencing a defendant, the trial judge must first determine the appropriate sentencing range which determines the release eligibility percentage. The Defendant argues that this judicial function encroaches upon the power of the executive branch to determine an inmate's parole eligibility. The Defendant therefore argues that we should strike down our entire sentencing code.[1] We reject the Defendant's argument because we conclude that it has no merit. Some functions of the three departments of state government are necessarily overlapping and interdependent. We believe this is particularly true in our criminal justice system. <u>See</u> <u>Lavon v. State</u>, 586 S.W.2d 112, 115 (Tenn. 1979); <u>Underwood v. State</u>, 529 S.W.2d 45, 47 (Tenn. 1975); <u>Woods v. State</u>, 130 Tenn. 100, 169 S.W. 558 (1914). Accordingly, we do not believe the judicial function of setting sentencing ranges is an unconstitutional encroachment on the powers of the excecutive branch.

The Defendant further argues that the sentencing ranges along with the release eligibility percentages establish indeterminate sentences in violation of Tennessee Code Annotated section 40-35-211, which prohibits indeterminate sentences. We also reject this argument because we conclude that it has no

---

[1]Because the Defendant was convicted in 1989, he was sentenced under the Sentencing Reform Act of 1982. Therefore, his challenge would actually be to the 1982 Act. This distinction is not material to our analysis of the issues.

merit. The fact that the Board of Paroles may grant or deny parole does not convert a determinate sentence into an indeterminate sentence. Parole does not cause a sentence to expire or terminate but is a conditional release from more restrictive confinement. See Howell v. State; 569 S.W.2d 428, 433 (Tenn. 1978); Doyle v. Hampton, 207 Tenn. 399, 403, 340 S.W.2d 891, 893 (1960). A parolee remains in constructive custody until the expiration of the full term of his or her sentence. Howell, 569 S.W.2d at 433.

The writ of habeas corpus, codified at Tennessee Code Annotated sections 29-21-101 to-130, is to be issued only in the case of a void judgment or to free a prisoner held after the term of imprisonment has expired. Tenn. Code Ann. § 29-21-101; Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Flowers v. Traughber, 910 S.W.2d 468, 469 (Tenn. Crim. App. 1995). The sole relief available under Tennessee's habeas corpus statute is discharge from custody. Taylor v. Morgan, 909 S.W.2d 17, 20 (Tenn. Crim. App. 1995). For the reasons stated in this opinion, we cannot conclude that the trial judge erred by denying the Defendant's request that he be released. Therefore, we conclude that the petition for writ of habeas corpus was properly dismissed.[2]

The judgment of the trial court is affirmed.

---

[2]This court has not been receptive to similar challenges to our sentencing laws. See Frank Bell v. Ricky Bell, Warden, C.C.A. No. 01-C-01-9602-CR-00058, Davidson County (Tenn. Crim. App., Nashville, Jan. 30, 1997); Eric C. Pendleton v. State, C.C.A. No. 01-C-01-9604-CR-00158, Davidson County (Tenn. Crim. App., Nashville, Feb. 12, 1997); Joe Thomas Baker, Jr. v. State, C.C.A. No. 01C01-9604-CR-00129, Davidson County (Tenn. Crim. App., Nashville, Feb. 20, 1997); Terry Merrell v. State, C.C.A. No. 01C01-9604-CR-00147, Davidson County (Tenn. Crim. App., Nashville, Feb. 20, 1997).

_____
DAVID H. WELLES, JUDGE


CONCUR:



_____
JERRY L. SMITH, JUDGE


_____
JOE G. RILEY, JUDGE