IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1997 SESSION

FILED

September 30, 1997

Cecil W. Crowson
Appellate Court Clerk

MARVIN GOODMAN,                    *       C.C.A. # 01C01-9607-CR-00288

    Appellant,                *       DAVIDSON COUNTY

VS.                                *       Hon. J. Randall Wyatt, Jr., Judge

STATE OF TENNESSEE,                *       (Habeas Corpus)

    Appellee.                 *


For Appellant:

James G. King
222 Second Avenue
Suite 416
Nashville, TN  37201

For Appellee:

Charles W. Burson
Attorney General & Reporter
450 James Robertson Parkway
Nashville, TN  37243

Lisa Naylor
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243

Katie Miller
Assistant District Attorney General
222 Second Avenue North
Washington Square, Suite 500
Nashville, TN  37201-1649


OPINION FILED:_____



AFFIRMED



GARY R. WADE, JUDGE

## OPINION

In 1991, the petitioner, Marvin Goodman, was convicted of two separate drug offenses[1] and received concurrent sentences of six and eight years. In 1993, after a conviction for escape, he received a two-year sentence to be served consecutively to the 1991 sentences. In this action, the petitioner sought relief on two different grounds:

> (1) that the 1989 Sentencing Reform Act violates the Separation of Powers Clause of the Tennessee Constitution; and

> (2) that the 1989 Sentencing Reform Act violates the determinate sentencing law.

After an evidentiary hearing, the trial court denied the petition. We affirm.

The habeas corpus remedy in this state is limited. The writ may be granted only where a petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).

Here, the petitioner has neither alleged that the Hamilton County trial court lacked jurisdiction nor that his sentence has expired. Thus, no claim for habeas corpus relief has been stated. See Monroe E. Davis v. Jimmy Harrison,

---

[1] The judgment forms are not included in the record. This information appears in an affidavit in the technical record.

<u>Warden</u>, No. 02C01-9607-CC-00242, slip op. at 4 (Tenn. Crim. App., at Jackson, July 2, 1997) (holding these identical challenges to the Sentencing Act do not state a claim for habeas corpus relief).

Had this court been able to reach the merits of the claims, the petitioner would not have prevailed. The Separation of Powers Clause of the Tennessee Constitution provides as follows:

> Sec. 1. Division of powers.--The powers of the Government shall be divided into three distinct departments: the Legislative, Executive, and Judicial.
>
> Sec. 2. Limitation of powers.--No person or persons belonging to one of these departments shall exercise any of the powers properly belonging to either of the others, except in the cases herein directed or permitted.

Tenn. Const. art. II, §§ 1, 2.

The 1989 Sentencing Reform Act requires the trial judge to "determine the appropriate range of sentence." Tenn. Code Ann. § 40-35-210(a). The range determination is an important factor in determining release eligibility. <u>See</u> Tenn. Code Ann. § 40-35-501. The petitioner argues that because the trial court was required by statute to determine the applicable range, an impermissible invasion of the "province of the executive branch" had taken place. The petitioner contends that the legislative branch has delegated to the executive branch the exclusive power to calculate initial parole eligibility dates. <u>See</u> Tenn. Code Ann. §§ 40-28-101 through -125.

Our supreme court has held that "[t]heoretically, the legislative power is the authority to make, order, and repeal[;] the executive, that to administer and enforce[;] and the judicial, that to interpret and apply, laws." <u>Richardson v. Young</u>, 125 S.W. 664, 668 (Tenn. 1910) (quoted with approval in <u>Underwood v. State</u>, 529

3

S.W.2d 45, 47 (Tenn. 1975)). Our court has recently acknowledged that the "authority to grant paroles is not judicial in nature but is administrative." Davis, slip op. at 3 (citing Woods v. State, 169 S.W. 558 (Tenn. 1914)). Nevertheless, our supreme court has observed, "it is impossible to preserve perfectly the theoretical lines of demarcation between the [three] branches of government." Underwood, 529 S.W.2d at 47. "There is necessarily a certain amount of overlapping. The three departments are interdependent." Id.

In Davis, our court rejected an argument identical to that of the petitioner, ruling "that a trial court's determination of sentencing range does not infringe upon the powers of the executive branch." Slip op. at 3. See also Steve L. Bryant v. State, No. 01C01-9605-CR-00190, slip op. at 3 (Tenn. Crim. App., at Nashville, April 24, 1997). That ruling would control in these circumstances.

The petitioner has next alleged that the 1989 Sentencing Act violates the determinate sentencing law. He asserts that the sentencing ranges along with release eligibility percentages establish indeterminate sentences in violation of Tenn. Code Ann. § 40-35-211, an enactment which requires courts to "impose a specific sentence length for each offense. ... There are no indeterminate sentences."

Parole, however, does not terminate a prisoner's sentence. See Howell v. State, 569 S.W.2d 428, 432 (Tenn. 1978). While the prisoner is released from confinement, the sentence continues and the parolee "is still in the custody of the penal authorities of the State." Doyle v. Hampton, 340 S.W.2d 891, 893 (Tenn. 1960). Parole does not cause the sentence to expire or terminate. Id. Thus, the possibility of parole does not render a sentence indeterminate. Range

4

classifications and release eligibility determinations do not create the possibility of indeterminate sentences.  See also Bryant, slip op. at 4 (ruling that "[p]arole does not cause a sentence to expire or terminate but is a conditional release from more restrictive confinement").

Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
David H. Welles, Judge


_____
Curwood Witt, Judge

5