## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### JULY SESSION, 1998

**FILED**

September 15, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| JULIUS S. WATLER, | ) | |
| | ) | No. 01C01-9707-CR-00238 |
| Appellant | ) | |
| | ) | DAVIDSON COUNTY |
| vs. | ) | |
| | ) | Hon. Thomas H. Shriver, Judge |
| STATE OF TENNESSEE, | ) | |
| | ) | (Writ of Habeas Corpus) |
| Appellee | ) | |

For the Appellant:

**Julius S. Watler, *Pro Se***
Special Needs Facility
7575 Cockrill Bend Industrial Rd.
Nashville, TN  37209-1057

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Elizabeth B. Marney**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

The appellant, Julius S. Watler, appeals the Davidson County Criminal Court's summary dismissal of his application for writ of habeas corpus. Upon review, we conclude that affirmance of the lower court's decision is proper.

The appellant's application alleges that, pursuant to a plea agreement, on September 14, 1989, he entered guilty pleas to five counts of an indictment charging the appellant with sixty counts of sexual battery and rape. The terms of his plea agreement provided that the appellant would serve twenty-five years at thirty percent in the Department of Correction. He is currently incarcerated at the Cockrill Bend Road Special Needs Facility in Nashville.

On April 18, 1997, the appellant filed a *pro se* application for writ of habeas corpus relief alleging that he is being illegally restrained in violation of his plea agreement.[1] Specifically, he avers that he understood his plea agreement and resulting sentence to mean that he would be released after seven and one-half years incarceration. Thus, he argues that his guilty plea was not entered knowingly, or, in the alternative, that a plea agreement is a binding contract and when those terms are violated the sentence is void under the due process clause of the Fourteenth Amendment. The trial court summarily dismissed the application as failing to state a ground for which habeas corpus relief can be granted.

In Tennessee, habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence has expired and he is being illegally

---

[1] In his application, the appellant also challenged the sufficiency of the indictment, alleging that the indictment failed to set forth the requisite *mens rea* necessary for the crimes charged. However, the appellant has failed to raise this issue on appeal and has failed to include the indictment in the record. Accordingly, this court will not address such claim. Tenn. R. App. P. 27(a)(4), (6), (7); 27(g).

restrained. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). We agree with the trial court's finding that the appellant's application fails to state a ground for habeas corpus relief.

First, it is well established that the voluntariness of a guilty plea may not be challenged through an application for writ of habeas corpus, as such judgments are merely voidable and not void. See Archer, 851 S.W.2d at 164. Moreover, previous panels of this court have found that the failure to grant a prisoner parole upon reaching his release eligibility date does not create a cognizable ground for habeas corpus relief.[2] See, e.g., Miller v. State, No. 03C01-9608-CR-00288 (Tenn. Crim. App. at Knoxville, Oct. 10, 1997); Leming v. State, No. 03C01-9603-CC-00119 (Tenn. Crim. App. at Knoxville, Apr. 22, 1997). Parole is a privilege, which is discretionary upon review of the Board of Pardons and Parole, and not an absolute right. Tenn. Code Ann. § 40-28-117(a)(1997); Tenn. Code Ann. § 40-35-503(b)(1997); Doyle v. Hampton, 340 S.W.2d 891, 893 (1960). The fact that parole results in an inmate being released from confinement does not result in terminating the original sentence imposed by the sentencing court. Bush v. State, No. 01C01-9605-CR-00204 (Tenn. Crim. App. at Nashville, Jul. 23, 1997) (citing Howell v. State, 569 S.W.2d 428, 433 (Tenn. 1978)). Thus, parole eligibility does not cause a sentence to expire or terminate, but is merely a conditional release from confinement. See Doyle v. Hampton, 340 S.W.2d at 893.

An application for the issuance of a writ of habeas corpus may be summarily dismissed by a trial court if the application fails to indicate that the petitioner's conviction is void. See Tenn. Code Ann. §§ 29-21-101; -109 (1980). If the writ is

---

[2]Habeas corpus relief is not available to challenge the denial of prison privileges and related internal matters of our correctional institutions that have no bearing on the validity of the restraining conviction, the resulting sentence, or the expiration of the sentence. Leming, No. 03C01-9603-CC-00119 (citing See, e.g., State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986)). If the appellant is disgruntled by the Board's denial of parole, the appropriate method of challenging such an action is by the common law writ of certiorari, Thandiwe v. Traugher, 909 S.W.2d 802, 803 (Tenn. App. 1994), perm. to appeal denied, (Tenn. 1995), and must be filed in chancery court. Tenn. Code Ann. § 27-9-102 (1980).

refused based on the failure of the petition to raise a cognizable claim for relief, any need for a hearing is obviously pretermitted because there is no justiciable issue before the court. See State ex rel. Byrd v. Bomar, 214 Tenn. 476, 381 S.W.2d 280 (1963). See generally Tenn. Code Ann. §§ 29-21-101 to -130 (1980 and Supp.1996). The voluntariness of a guilty plea is not a cognizable claim for habeas corpus relief nor is the failure of the Board of Paroles to grant parole upon a prisoner's reaching his release eligibility date a breach of any plea agreement. Accordingly, the trial court's summary dismissal of the appellant's application for habeas corpus relief was proper.

The judgment of the trial court is affirmed.


_____
DAVID G. HAYES, Judge


CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
JERRY L. SMITH, Judge