ROGERS McKINLEY,             )
                            )

       Petitioner/Appellant,      )        Appeal No.
                            )        01-A-01-9804-CH-00205
v.                          )
                            )        Davidson Chancery
CHARLES TRAUGHBER and   )        No. 97-3877-I
ROBERT BYRD,          )
                            )
       Respondents/Appellees.   )

**FILED**

**December 16, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE


APPEAL FROM THE DAVIDSON COUNTY CHANCERY COURT

AT NASHVILLE, TENNESSEE


THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

ROGER McKINLEY, Pro Se
Route 4 Box 600
Pikeville, Tennessee 37367


JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL MOORE
Solicitor General

PAMELA S. LORCH
Assistant Attorney General
Civil Rights and Claims Division
Second Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, Tennessee 37243-0488
      ATTORNEYS FOR CHARLES TRAUGHBER

AFFIRMED AND REMANDED


WILLIAM B. CAIN, JUDGE

# O P I N I O N

This appeal involves a state prisoner's challenge to the decision of the Tennessee Board of Paroles denying him parole. The petitioner filed a pro se petition for a writ of certiorari in the chancery court seeking review of the Board's decision. The trial court granted the respondent's motion to dismiss pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. We affirm.

On November 21, 1997, Roger McKinley filed a petition in the Chancery Court of Davidson County for a writ of certiorari to review his parole denial. In his petition he asserts that he had a parole hearing before hearing officer Robert Byrd on September 10, 1997. The hearing officer recommended denial of parole, and the parole board approved the recommendation on November 12, 1997. In Mr. McKinley's petition he states: "It is on record that Charles Traughber, Chairman of the Board has made the statement that a offender meeting a parole board member has a much better chance of making parole than one who meets a hearing officer. Petitioner's case is one of the types of cases listed that should be heard by a parole board member." He further asserts that he has never been granted a psychological evaluation, and without such evaluation, he cannot have a complete, full and fair hearing. He asks the court to "grant him a full board hearing or at least a hearing before a board member . . . "

Respondent, Charles Traughber, responded with a motion to dismiss pursuant to Civil Procedure Rule 12.02(6) which the chancellor granted on March 31, 1998 thereby denying the application for certiorari. On April 9, 1998, petitioner filed a notice of appeal from the decision of the chancellor. On that same date respondents filed a motion to alter or amend the judgment pursuant to Tennessee Rules of Civil Procedure 59.04. By this motion respondents sought to correct an alleged error of fact in the judgment.

> On the last page of the judgment, the court states that the board determined that the petitioner is not eligible for parole because he did not complete the sexual offender treatment program. However, as documented by the attached affidavit, the petitioner was denied parole release because of the seriousness of his offense. (see, attached to affidavit, exhibit 1 entitled "notice of board action release hearing," section entitled "reasons for decline").

Thus, the motion to alter or amend sought correction of the March 31, 1998 order so as to reflect what was actually shown by a form entitled "notice of board action parole release hearing" which related to the September 10, 1997 hearing.

On May 19, 1998, the chancellor set aside the order of March 31, 1998 due to "a misstatement of fact" therein and filed contemporaneously a new order which again denied the application for certiorari. In its order, the court removed the reference to the sexual offender treatment program as a basis for denying parole. Indeed, the record shows that the parole application of Mr. McKinley was denied by hearing official Robert Byrd solely upon a finding that "release at this time would depreciate seriousness of offense; or promote disrespect of the law." The record further shows that this recommendation was thereafter approved by the Board of Pardons and Paroles.

The trial court delineated the relevant law with accuracy and clarity as follows:

> Tenn. Code Ann. § 40-28-105(d)(2) and (4) provide that the chair of the board may appoint hearing officers to conduct hearings and make recommendations to the board regarding the grant, denial, revocation or recision of parole. Further Rule 1100-1-1-.02(3) of the Tennessee Board of paroles provides that:
>
> > After becoming eligible for parole consideration, a prisoner is afforded a hearing before either a hearing officer or a panel of the Board. If a parole hearing is conducted by a hearing officer, the hearing officer's decision is advisory only and must be either accepted, modified, or rejected by a majority of the members of the Board.
>
> > Tennessee law specifically provides that a parole board hearing can be conducted by a hearing officer. The petitioner does not cite any statute or regulation to support his claim that his case is the type of case that should be heard by the board. Therefore, the petitioner's claim that it was improper for the hearing officer to preside over his parole hearing is without merit.

These statutes and parole board rules control. In light of this law, the statement of opinion by Chairman Traughber as alleged in Mr. McKinley's petition is of no consequence.

With regard to Mr. McKinley's right to a psychological evaluation, the chancellor observed:

> Finally, the petitioner contends that because he did not receive a psychological evaluation prior to his hearing, he did not have a full and fair hearing. The petitioner does not have any right to a psychological evaluation prior to his parole hearing. Tenn. Code Ann. §§ 40-28-116(a)(2) and 41-21-235(4)(c) and Rule 1100-1-1-.10(2) of the Rules of the Tennessee Board of Paroles provide that no sex offender shall be released on parole unless a psychiatrist or licensed psychologist has evaluated the inmate and determined that he does not pose the likelihood of committing sexual assaults upon release. These provisions merely make a psychological evaluation necessary once the board has made a determination that the sex offender is otherwise a candidate for parole release. The board has determined that this petitioner is not otherwise eligible for parole. Therefore, he is not entitled to psychological evaluation.

Clearly the chancellor is correct in this holding as the record shows conclusively that the Board of Pardons and Paroles preempted the psychological evaluation question by determining that Mr. McKinley is not eligible for parole because release at this time would depreciate the seriousness of the offense for which he was convicted.

In Tennessee the grant of parole is a discretionary matter vested exclusively in the Board of Paroles. *Doyle v. Hampton*, 207 Tenn. 399, 340 S.W.2d 891 (1960). With respect to reviewing the Board's decisions, this court has held as follows:

> The scope of review under the common law writ, however, is very narrow. It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily, *Yokley v. State*, 632 S.W.2d 123 (Tenn.App.1981). Conclusory terms such as "arbitrary and capricious will not entitle a petitioner to the writ. *Id.* At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

*Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. App. 1994). We cannot say that the Board abused its discretion by exceeding its jurisdiction or by acting illegally, fraudulently, or arbitrarily.

We find the petition for certiorari is without merit and the judgment of the chancellor is in all respects affirmed. The costs of this appeal should be taxed to Mr. McKinley.

-5-

_____

WILLIAM B. CAIN, JUDGE

CONCUR:

_____

BEN H. CANTRELL, PRES. JUDGE, M.S.

_____

PATRICIA J. COTTRELL, JUDGE