# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER SESSION, 1999

**FILED**

**October 28, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

FRED E. SMITH,                    *

      Appellant,         *

                    *

vs.                               *

                    *

STATE OF TENNESSEE,               *

      Appellee.          *

No. 02C01-9906-CC-00185

LAKE COUNTY

Hon. R. LEE MOORE, JR., Judge

(Writ of Habeas Corpus)

---

For the Appellant:

**Fred E. Smith,** *Pro Se*
NWCX, Site 2 Annex
Route 1, Box 660
Tiptonville, TN  38079

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**J. Ross Dyer**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**C. Phillip Bivens**
District Attorney General
P. O. Drawer E
Dyersburg, TN  38024

OPINION FILED: _____

AFFIRMED

**David G. Hayes,** Judge

**O P I N I O N**

The appellant, Fred E. Smith, appeals the Lake County Circuit Court's dismissal of his *pro se* petition for writ of habeas corpus. On March 2, 1989, the appellant pled guilty in the Macon County Criminal Court to second degree murder and received a fifty year determinate sentence as a range one standard offender under the 1982 Sentencing Act. He is currently confined at Northwest Correctional Complex in Lake County. The instant petition was filed on April 30, 1999.

On appeal, the appellant contends that (1) his sentence has expired; (2) the trial court should have required the State to respond to his petition; (3) the trial court should have granted an evidentiary hearing; and (4) the trial court failed to make findings of fact and conclusions of law. It is well-established that habeas corpus relief is limited and available in Tennessee only when the face of the judgment or the record of the proceedings upon which the judgment is rendered reveals that the convicting court was without jurisdiction or authority over the appellant or that the appellant's sentence of imprisonment has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If, from the face of the petition, the reviewing court finds nothing to indicate that the appellant's challenged convictions might be void or not entitled to any relief, the court shall dismiss the petition and refuse the issuance of the writ. Tenn. Code Ann. § 29-21-109 (1980). Moreover, habeas corpus proceedings are essentially civil in nature and the Rules of Civil Procedure are applicable where consistent with Tenn. Code Ann. § 29-21-101 *et. seq.* Tenn. R. Civ. P. 12 provides trial courts the authority to dismiss pleadings which fail to state a claim upon which relief may be granted.

In his brief, the appellant argues that, as a range one offender with a thirty percent release eligibility date, he "negotiated" and "bargained" for a fifteen year

2

sentence of actual confinement and that his sentence expired on October 21, 1998. Although the record does reflect that October 21, 1998, was the appellant's release eligibility date which lies under the sole discretion of the parole board, the record further reflects the appellant's sentence does not expire until October 23, 2033. The appellant confuses the terms "sentence" and "parole." Parole does not cause the sentence to expire or terminate, but is merely a conditional release from confinement. See Doyle v. Hampton, 340 S.W.2d 891, 893 (1960). Indeed, even though released from confinement, the defendant continues in constructive custody until the expiration of the full term of his sentence. Howell v. State, 569 S.W.2d 428, 433 (Tenn. 1978). Because we find the appellant's petition fails to establish that his conviction is void or that his sentence has expired, this issue is without merit.

For the foregoing reasons, the trial court's summary dismissal of the petition is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOE G. RILEY, Judge

_____
THOMAS T. WOODALL, Judge