IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 27, 2004

## JERRY LEE CHILTON v. DAVID MILLS, WARDEN

**Appeal from the Criminal Court for Morgan County**
**Nos. 8892 and 8818, E. Eugene Eblen, Judge**

---

### No. E2003-00667-CCA-R3-HC - Filed July 30, 2004

---

The Defendant appeals from the judgments of the trial court denying him habeas corpus relief. The trial court dismissed the petitions, finding that they failed to state cognizable claims for habeas corpus relief. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Joe H. Walker, District Public Defender and Walter V. Johnson, II, Assistant Public Defender, for the appellant, Jerry Lee Chilton.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; J. Scott McCluen, District Attorney General; and Roger Delp, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In 1985, the Defendant was found to be a habitual criminal and was sentenced to life imprisonment. The Defendant unsuccessfully appealed this conviction,[1] and has previously petitioned unsuccessfully for post-conviction and habeas corpus relief.[2]

---

[1]See State v. Jerry Lee Chilton, No. 85-259-III, 1986 WL 9828 (Tenn. Crim. App., Nashville, Sept. 12, 1986).

[2]See Jerry Lee Chilton v. State, No. M1999-02411-CCA-R3PC, 2000 WL 869402 (Tenn. Crim. App., Nashville, June 22, 2000); Jerry Lee Chilton v. State, No. 01C01-9405-CC-00155, 1995 Tenn. Crim. App. LEXIS 318 (Tenn. Crim. App., Nashville, April 5, 1995); Jerry Lee Chilton v. State, No. 01C019206-CC-00201, 1993 WL 39747 (Tenn. Crim. App., Nashville, Feb. 18, 1993); Jerry Lee Chilton v. State, No. 01C01-9207-CC-00210, 1992 WL 335934 (Tenn. Crim. App., Nashville, Nov. 18, 1992); Jerry Lee Chilton v. State, No. 89-9-III, 1989 Tenn. Crim. App. LEXIS 508 (Tenn. Crim. App., Nashville, June 29, 1989).

In July of 2001 and again in May of 2002, the Defendant filed separate petitions for habeas corpus relief. The petitions were consolidated by the trial court for purposes of conducting an evidentiary hearing. An evidentiary hearing was conducted on February 11, 2003, at which time the Defendant testified and presented documents in support of his petitions. At the conclusion of the evidentiary hearing, the trial court found that even if the Defendant's allegations were true, he was not entitled to habeas corpus relief. The trial court therefore entered an order dismissing the petitions. It is from this order of the trial court that the Defendant now appeals.

The Defendant first argues that the Department of Correction has incorrectly computed his release eligibility date for his life sentence. He argues that the release eligibility date has been illegally modified by the Department of Correction from its original date of 2013 to a current release eligibility date of 2042. Related to this claim, he also asserts that the Parole Eligibility Review Board erred by not modifying his release eligibility date and that the Department of Correction should modify his release eligibility date accordingly.[3] The Defendant also alleges that his habitual criminal conviction is void because certain of the underlying felony convictions from 1975 were based upon guilty pleas which were not knowingly and voluntarily entered, and at the time the 1975 guilty pleas were entered the trial court did not fully advise him of his constitutional rights.

In Tennessee, habeas corpus relief is generally available only when it is apparent from the face of the judgment or the record of the proceedings upon which the judgment was rendered that the convicting court is without jurisdiction or authority to sentence a defendant or that a defendant's term of imprisonment or restraint has expired. See Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

From our review of the record, it appears that the Defendant was found to be a habitual criminal and was sentenced to life imprisonment in 1985. There is nothing in the record which suggests that the sentencing court was without jurisdiction or authority to sentence the Defendant to life in prison. The Defendant's arguments concerning his release eligibility date, even if correct, do not entitle him to habeas corpus relief. A release eligibility date does not cause the sentence to expire or terminate, but simply allows the possibility of a conditional release from confinement. See Doyle v. Hampton, 207 Tenn. 399, 340 S.W.2d 891, 893 (1960). The correctness of a decision of the Parole Eligibility Review Board is not reviewable through a habeas corpus action. See generally Powell v. Parole Eligibility Review Board, 879 S.W.2d 871 (Tenn. App. 1994). The Defendant has simply failed to establish that his life sentence, entered in 1985, has expired.

In addition, the Defendant's allegations concerning the invalid guilty pleas for convictions which support his habitual criminal conviction gain him no relief. It is well established that the voluntariness of a guilty plea may not be challenged through an application for writ of habeas corpus, because such judgments are voidable and not void. See Archer, 851 S.W.2d at 164. If the claimed illegality renders a judgment or sentence voidable, rather than void, no relief can be granted pursuant

_____

[3]The Parole Eligibility Review Board, previously codified at Tennessee Code Annotated section 40-35-601, et seq., was created in 1992 and its authority terminated on July 1, 1993. See Acts 1992, ch. 1017, § 1.

to a petition for a writ of habeas corpus. <u>See</u> <u>id.</u> Alleged violations of constitutional rights must be addressed in post-conviction proceedings, not habeas corpus proceedings.[4] <u>See</u> <u>Luttrell v. State</u>, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). Furthermore, a trial court's failure to completely advise a criminally accused regarding the rights waived by a guilty plea also creates a judgment which may be voidable, but not void. <u>See</u> <u>State v. Neal</u>, 810 S.W.2d 131, 134 (Tenn. 1991), <u>rev'd in part on other grounds by</u> <u>Blankenship v. State</u>, 858 S.W.2d 897, 902 (Tenn. 1993).

Based upon our review of the record, we conclude that the trial court did not err by denying the Defendant habeas corpus relief. The judgments of the trial court are accordingly affirmed.

_____
DAVID H. WELLES, JUDGE

---

[4]Indeed, the Defendant has previously challenged these identical prior convictions in a post-conviction proceeding, asserting that he received ineffective assistance of counsel and that the pleas were involuntarily entered. Obviously, his attempt at post-conviction relief was not successful. <u>See</u> <u>Jerry Lee Chilton v. State</u>, No. 01C01-9206-CC-00201, 1993 WL 39747 (Tenn. Crim. App., Nashville, Feb. 18, 1993).