IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


**HARRY MCLEMORE v. DAVID MILLS**

**Appeal from the Circuit Court for Lauderdale County**
**No. 5942    Joe H. Walker, III, Judge**

---

**No. W2005-01112-CCA-R3-CO  - Filed October 4, 2005**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner is appealing the trial court's denial of habeas corpus relief.  A review of the record reveals that the Petitioner is not entitled to habeas corpus relief.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed  Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Harry McLemore, pro se.

Paul G. Summers, Attorney General & Reporter; Benjamin A. Ball, Assistant Attorney General, for the appellee, State of  Tennessee.


**MEMORANDUM OPINION**


        The Petitioner, Harry McLemore, was indicted on one count of rape in May 1965, and was subsequently convicted of the same and sentenced to life imprisonment. *See Harry McLemore, Jr. v. Alton Hesson, Warden*, No. 02C01-9711-CC-00436, 1998 WL 208042, *1 (Tenn. Crim. App., at Jackson, Apr. 29, 1998), *perm. to appeal denied*, (Tenn. Sept. 14, 1998).  The Petitioner  previously filed two petitions for habeas corpus relief.  Both petitions were denied. *See Harry McLemore, Jr.*

1

*v. Alton Hesson, Warden,* No. 02C01-9711-CC-00436, 1998 WL 208042, *1 (petition for habeas relief based upon insufficient indictment denied); *Harry McLemore v. State*, No. 02C01-9305-CC-00100, 1994 WL 68362, *1 (Tenn. Crim. App., at Jackson, Mar. 9, 1994), *perm. to appeal denied*, (Tenn. Aug. 1, 1994) (petition for habeas relief based upon denial of parole status denied).

On March 29, 2005, the Petitioner filed a third petition for habeas corpus relief in the Lauderdale County Circuit Court. Within the pleading, Petitioner claimed that he was presently serving a life sentence resulting from a 1965 conviction for the offense of rape. Although unsupported by the record now before this Court, Petitioner alleged that he was released on parole in 1974. In 1976, Petitioner was "convicted of three counts of rape, burglary and three counts of crimes against nature." For these offenses, the trial court imposed an effective twenty-year sentence. Petitioner alleged that this twenty-year sentence expired in 1987, and he resumed service of his life sentence. As grounds for habeas relief, Petitioner claimed that he is being unlawfully restrained of his liberty resulting from the State of Tennessee Parole and Probation Board's deprivation of his liberty interest by denying parole and by failing to provide a reason for the denial of parole. The trial court reviewed the petition and, by order filed on April 9, 2005, denied the same, finding that the Petitioner's challenge to the actions of the Board of Probation and Parole was not cognizable in a habeas corpus proceeding. The trial court also acknowledged that the Petitioner's sentence had not expired nor was the judgment void. Petitioner timely appealed the lower court's decision.

The State has filed a motion requesting that this Court affirm the lower court's denial of habeas corpus relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that the Petitioner failed to state a colorable claim for habeas corpus relief.

It is well established that the grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman,* 153 S.W.3d at 20 (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)).

The Petitioner in this case challenges the actions of the Board of Probation and Parole in denying parole. Parole is a privilege, not a right. *See* Tenn. Code Ann. § 40-28-117; Tenn. Code Ann. § 40-35-503(b). Accordingly, there is no absolute right to be released on parole; rather, the grant of parole is discretionary. *See Doyle v. Hampton*, 207 Tenn. 299, 340 S.W.2d 891, 893 (1960). The fact that parole results in an inmate being released from confinement does not result in terminating the original sentence imposed by the sentencing court. *See Howell v. State,* 569 S.W.2d 428, 433 (Tenn.1978)). Thus, parole eligibility *does not* cause a sentence to expire or terminate, but is merely a conditional release from confinement. *See Doyle v. Hampton,* 340 S.W.2d at 893. Additionally, actions by the Parole Board are reviewable by the common law writ of certiorari, *see*

*Thandiwe v. Traugher*, 909 S.W.2d 802, 803 (Tenn. App. 1994), and must be filed in chancery court. Tenn. Code Ann. § 27-9-102.

If a habeas corpus petition fails to state a cognizable claim for relief, it may be summarily dismissed. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). As the claim raised by Petitioner is not cognizable in a habeas corpus proceeding, we conclude that the trial court properly dismissed the petition. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE