IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 13, 2010 Session

# PAMELA TURNER v. TENNESSEE BOARD OF PROBATION AND PAROLE

**Appeal from the Chancery Court for Davidson County**
**No. 08-1646-III      Ellen Hobbs Lyle, Chancellor**

_____

**No. M2009-01908-COA-R3-CV - Filed October 6, 2010**

_____

After being denied parole at her first parole hearing, Petitioner, an inmate incarcerated at the Tennessee Prison for Women, filed this Petition for Common Law Writ of Certiorari to challenge the decision by the Board of Probation and Parole to defer reconsideration of parol for six years. Finding that the deferral of parol eligibility for six years was not arbitrary and did not violate Tennessee law, the trial court dismissed Petitioner's Writ of Certiorari. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which RICHARD H. DINKINS, J., joined. ANDY D. BENNETT, J., filed a concurring opinion.

Peter J. Strianse, Nashville, Tennessee, for the appellant, Pamela Rogers Turner.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and Jennifer L. Brenner, for the appellee, Tennessee Board of Probation and Parole.

## OPINION

The Petitioner, Pamela Rogers, formerly known as Pamela Rogers Turner, engaged in an ongoing sexual relationship with a thirteen-year-old male student while she was employed as a school teacher in Warren County. She was subsequently charged with multiple counts of sexual battery by an authority figure and, in August of 2005, Turner entered a plea of _nolo contendere_ to four counts of sexual battery by an authority figure. She received an eight year split confinement sentence, of which she was to serve six months in the Warren County Jail and the balance on probation. In February of 2006, after serving six months in jail, Turner was released and placed on probation for the balance of her eight year sentence.

Soon after her release from jail, Turner violated her probation by *inter alia* sending text messages, videos, and sexually explicit pictures to the victim, who was still a minor, and giving a false statement to her probation officer. In addition to having her probation revoked, Turner was convicted of two additional felony offenses of sexual exploitation of a minor for which she received two additional years to be served consecutive to her original sentence.

Turner's initial parole hearing before the Board of Probation and Parole ("the Board") was held on February 20, 2008. Following the hearing, the Board declined her request for parole[1] finding that "[t]he release from custody at this time would depreciate the seriousness of the crime of which the offender stands convicted or promote disrespect for the law." The Board set her next parole hearing for February 2014.

In her petition for Common Law Writ of Certiorari filed in the Chancery Court of Davidson County, Turner alleged the decision of the Board was an abuse of discretion because deferring her next parole eligibility date by six years effectively denied her the right to another parole hearing prior to serving the balance of her ten year sentence.[2] The Chancery Court dismissed Turner's petition for Writ of Certiorari. This appeal followed.

## STANDARD OF REVIEW

Decisions regarding parole are vested exclusively in the Board of Probation and Parole, *Doyle v. Hampton*, 340 S.W.2d 891, 891-92 (1960), and whether such decisions are lawful is subject to limited review under the common law writ of certiorari. *Baldwin v. Tennessee Board of Paroles*, 125 S.W.3d 429, 433 (Tenn. Ct. App. 2003). As this court has explained:

> The scope of review under the common law writ . . . is very narrow. It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily. . . . At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is

---

[1]"DS – Decline" was marked in the "Decline" section of the Notice of Board Action form. The alternative boxes that could have been marked were "BS – Decline Balance of Sentence"; "DC – Decline Custodial; and "DN – Not recommend Commutation Pardon."

[2]Inmates can earn up to fifteen days per month off the parole date or expiration of their sentences. It was unrefuted that Turner was earning sentence reduction credits and had a good institutional record. David Raybin, a criminal defense attorney, opined that it is "likely" that Turner would be released before February 2014, her next scheduled parole hearing, if Turner continued to earn credits at the rate she had already earned credits.

reached. If the agency or board has reached its decision in a constitutional or lawful manner, the decision would not be subject to judicial review.

*Powell v. Parole Eligibility Review Board*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994) (citations omitted). Furthermore, a challenge to the intrinsic correctness of the decision of the Board is beyond the scope of our review under the common law writ. *Id.* (citing *State ex rel. McMorrough v. Hunt*, 192 S.W. 931, 932 (Tenn. 1917)); *see e.g., Harris v. Tennessee Board of Probation & Parole*, No. M2009-01904-COA-R3-CV, 2010 WL 3219491, at *4 (Tenn. Ct. App. Aug. 13, 2010) (holding that an allegation of arbitrary denial of parole based on "prior good behavior and commission of less-egregious offenses than other parolees" was an attack on the intrinsic correctness of the Board's decision, thus beyond the scope of judicial review under a common law writ of certiorari).

## ANALYSIS

Turner presents one issue for our consideration.[3] She contends that the Board's decision to defer her next parole hearing for six years was arbitrary and in violation of Tennessee law because she will likely have completed her sentence prior to the scheduled parole hearing.[4]

Prisoners have no liberty right to release before the expiration of a valid sentence; however, they do have a right to a parole hearing "within a reasonable time prior to [their] release eligibility date." Tenn. Code Ann. § 40-35-503(d)(1) . "[P]arole eligibility is, by law, based upon the completion of a statutorily specified portion of a sentence, less any applicable credits." Tenn. Rules & Regs. 1101-01-01-.08(1)(a).[5] The calculation of initial parole eligibility is a function of the Department of Correction and, "[t]he Department of Correction

---

[3]In her brief, in addition to arguing the length of time between hearings is arbitrary, Turner also suggests the Board's decision to deny her parole was arbitrary and unsupported by her record as an inmate. However, during oral argument, when asked, "Just to be totally clear, you are not challenging the denial of her parole? You are only challenging the date set for her next hearing, correct?" Turner's attorney replied, "Yes. We didn't agree with the decision of course, but I understand what they did and why they did it."

[4]If Turner were to serve the full sentence without credit for good behavior, her sentence would expire on February 20, 2015. If she earned all the good behavior credits she would be entitled to receive, she would likely be released prior to the February 2014 parole hearing. The projected early release date presumes that Turner will continue to earn good conduct credits at the rate she had already earned credits.

[5]This rule was formerly found at Tenn. Rules & Regs. 1101-01-01-.07(1)(a). The old version (applicable in 2008 when Petitioner was up for parole) has identical language to the current rule, which was made effective September 28, 2009. The only change that affects this rule is the designated section number.

shall notify the Board of an inmate's release eligibility date" once that date is determined. Tenn. Rules & Regs. 1100-01-01-.08(1)(b).[6]

As a Range I offender, Turner was entitled to an initial release eligibility date after serving 30 percent of her sentence, less any credits she received. *See* Tenn. Code Ann. § 40-35-501(c). Turner was afforded an initial parole hearing after serving three years of her ten year sentence; thus, she was afforded a timely initial parole hearing as a Range I offender.

The Rules & Regulations of the Board also provide that when an inmate is denied parole "a future hearing date shall be specified" by the Board. *Baldwin v. Tennessee Board of Paroles*, 125 S.W.3d 429, 433 (Tenn. Ct. App. 2003). The Board complied with this rule by setting her next hearing in February 2014. The issue, however, is whether the Board's decision to defer Turner's next hearing for six years is arbitrary under the circumstances of this case. We have determined it is not.

Relying on *Baldwin,* Turner contends that the Board's deferral of her next hearing date by six years is arbitrary. The inmate in *Baldwin* was convicted of first degree murder in 1979 and became parole-eligible in 2001. The Board denied his request for parole following the initial hearing and deferred his next parole hearing for twenty years. *Id.* at 431. Baldwin appealed, alleging the deferral of twenty years was arbitrary. *Id.* at 431-32. We agreed, holding that while the Board has discretion to determine the date of a subsequent hearing, this discretion is not unbridled. *Id.* at 433. We stated that "the provision for periodic hearings gives the Board the opportunity to re-evaluate its own decisions." However, because Board members serve six year staggered terms, a deferral of twenty years deprives future Boards of the authority to consider the inmate's suitability for parole. *Id.* at 433-34. As we explained, a deferral of twenty years makes it possible that "the entire membership of the Board can completely turn over more than once before [the inmate's] case comes up for decision once again," which also raised the concern there could be a loss of institutional knowledge. *Id.* at 434. For these reasons we held that the Board's decision to defer the next parole hearing by twenty years "constitute[d] an arbitrary withdrawal of the power to parole from future Board members, and that a twenty-year deferral would undermine the very provisions of the parole statutes that empower the Board to grant parole." *Id.*

We have also considered whether deferrals of ten years and five years are arbitrary. In *York v. Tennessee Board of Probation and Parole,* an inmate with two first degree murder convictions challenged the decision of the Board to defer his rehearing for ten years. No. 2003-00822-COA-R3-CV, 2004 WL 305791, at *1 (Tenn. Ct. App. Feb. 17, 2004).

---

[6]This rule was formerly Tenn. Rules and Regs. 1101-01-01-.07(1)(b); *see* note 5 above for legislative history.

Following the reasoning in *Baldwin*, we held a deferral of ten years was arbitrary and remanded for the Board to reconsider the length of the deferral. *Id.* at \*4-\*5. On remand, the Board reduced the deferral to six years. Still dissatisfied, York challenged the six year deferral. The chancery court found the decision to defer the parole hearing six years was not arbitrary, a decision this court affirmed. *York v. Tennessee Board of Probation and Parole*, No. M2005-01488-COA-R3-CV, 2007 WL 1541360, at \*6 (Tenn. Ct. App. May 25, 2007), *(reh'g denied* Tenn. Ct. App. June 29, 2007).

Challenges to five year deferrals of parole hearings were considered by this court in *Gordon v. Tenn. Bd. of Probation and Parole*, No. M2006-01273-COA-R3-CV, 2007 WL 2200277 (Tenn. Ct. App. July 30, 2007) and *Berleue v. Tennessee Board of Probation and Parole*, No. M2005-00363-COA-R3-CV, 2006 WL 1540255 (Tenn. Ct. App. June 5, 2006) and in each case, the deferrals were affirmed. As we explained in *Berleue,* a five year deferral did not undermine the parole statutes or the Board's power to parole given the "seriousness of the offense." *Berleue,* 2006 WL 1540255, at \*4.

We recognize that *Baldwin*, *York* and *Berleue* pertain to inmates who had committed crimes considered more serious than those committed by Turner and involving longer sentences; however, this circumstance is offset by the fact that, not only did Turner commit several serious sexual offenses involving a minor, but she repeated substantially the same offenses very shortly after being released on probation.

Turner also urges this court to conclude that the six year deferral of her parole eligibility is arbitrary because the length of her deferral is substantially equivalent to the balance of her sentence. We have considered this argument and while we find it intriguing, we note that our courts have never adopted a proportionality formula upon which to set a future parole rehearing date following the denial of parole. Moreover, considering the seriousness of Turner's offenses and the fact she committed other serious offenses while on probation, this is not an appropriate case for us to consider the issue. Instead, we find the reasoning in *Baldwin*, *York* and *Berleue* persuasive.

Determining when to set a rehearing date following a denial of parole is a fact-intensive inquiry and we are not permitted to second guess the intrinsic correctness of the Board's decisions. *Powell*, 879 S.W.2d at 873. To the contrary, our review is limited to whether the Board lawfully exercised its discretion. *Harris*, 2010 WL 3219491, at \*4. Taking into consideration the seriousness of the offenses committed by Ms. Turner and the fact she committed similar serious offenses while on probation, we have determined the Board lawfully exercised its discretion by deferring Ms. Turner's next parole hearing by six years. Accordingly, we have concluded the Board's decision to defer the next parole hearing by six years is not arbitrary.

IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against appellant, Pamela Rogers Turner.

_____
FRANK G. CLEMENT, JR., JUDGE