Joe Thomas BAKER, Jr., Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee,
at Nashville.

Feb. 20, 1997.

Permission to Appeal Denied by
Supreme Court July 7, 1997.

Dwight E. Scott, Nashville, for Appellant.

Charles W. Burson, Attorney General and Reporter, Daryl J. Brand, Assistant Attorney General, Victor S. Johnson, III, District Attorney General, Nicholas D. Bailey, Assistant District Attorney General, Nashville, for Appellee.

*OPINION*

RILEY, Judge.

The petitioner, Joe Thomas Baker, Jr., appeals the order of the Criminal Court of Davidson County dismissing his petition for writ of habeas corpus. He is presently serving concurrent sentences of life imprisonment and 35 years for first degree murder and armed robbery. After a hearing, the trial court found that he was in the lawful custody of the Tennessee Department of Correction and dismissed his petition. We affirm.

I

Baker argues that the authority to determine the length of a sentence is exclusively a judicial function. He contends the Board of Paroles is vested with the power to grant or deny parole; therefore, the Board is performing a judicial function in violation of the separation of powers doctrine. The fact that the Board of Paroles determines the granting or denial of parole does not violate the separation of powers doctrine. The authority to grant paroles is not judicial in nature but is administrative. *Woods v. State,*

**2**

130 Tenn. 100, 169 S.W. 558 (1914). Accordingly, there is no violation of the separation of powers doctrine. This issue is without merit.

## II

Baker claims that T.C.A. § 40–35–501 creates indeterminate sentences in violation of T.C.A. § 40–35–211, which prohibits indeterminate sentences. His argument rests on the fact that the Board of Paroles has the power to grant or deny parole upon a defendant's eligibility for release pursuant to T.C.A. § 40–35–501. Therefore, Baker contends that his sentence is indeterminate and, as a result, void on its face.

Although T.C.A. § 40–35–211 prohibits indeterminate sentences, the sentence imposed upon Baker is not indeterminate. The mere fact that the Board of Paroles may grant or deny parole does not convert a determinate sentence into an indeterminate sentence. Parole does not cause the sentence to expire or terminate but is merely a conditional release. *See Doyle v. Hampton,* 207 Tenn. 399, 340 S.W.2d 891 (1960). This issue has no merit.

Habeas corpus relief in criminal cases is limited to those instances where the petitioner's conviction is void or he is being held beyond the expiration of his sentence. *Archer v. State,* 851 S.W.2d 157 (Tenn.1993). Baker cannot establish that the judgments convicting him are void or that his sentence terms have expired. Therefore, we find that the petition for writ of habeas corpus was properly dismissed. The judgment of the trial court is AFFIRMED.

PEAY and WELLES, JJ., concur.