IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 9, 2000 Session

## ALVIN VONNER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hickman County**
**No. 00-5023C-I   Timothy L. Easter, Judge**

---

**No. M2000-00566-CCA-R3-CD - Filed November 22, 2000**

---

The petitioner, Alvin Vonner, appeals the Hickman County Circuit Court's summary dismissal of his petition for *habeas corpus* relief and alleges that his 60 year second degree murder sentence has expired. Because the record fails to establish that the sentence has expired, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Trial Court is Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Alvin Vonner, Appellant, Pro Se,

Paul G. Summers, Attorney General & Reporter, Ronald L. Davis, Marvin E. Clements, Jr., Assistant Attorney General, Nashville, Tennessee, for the Appellee, State of Tennessee.

## OPINION

The petitioner, Alvin Vonner, appeals *pro se* the Hickman County Circuit Court's summary dismissal of his petition for a writ of *habeas corpus*. The petitioner is an inmate at the Turney Center Industrial Prison in Only, where he is serving a 60-year sentence as the result of his 1979 Knox County conviction of second degree murder. The petitioner alleged in his *pro se* petition that his sentence has expired. The lower court dismissed the petition without granting a hearing. We have reviewed the record, the briefs of the parties and the applicable law, and we affirm the lower court's action.

The petitioner alleges that he could "expire" his 60-year sentence in "thirty-one (31) years, less earned sentence reduction credits." He asserts that he has actually been incarcerated for 21 years and has "earned" approximately 15 years of good conduct sentence credits and seven years

of prisoner performance credits. All told, he claims 43 years of actual time served and credits for time served. Accordingly, he calculates that he "has exceeded the thirty-one (31) years it took to expire the sentence." He concludes that his restraint is now illegal and that he should be released via a writ of *habeas corpus*.

The lower court held that the writ is not available to challenge the denial of prison privileges and "related matters of our correctional institutions." The court also found that the 60-year sentence, which was imposed on February 27, 1980, has not expired. Finally, the lower court stated that the petitioner "failed to follow the requirements of Tennessee Code Annotated § 29-2[1]-107(b), in that he has failed to attach copies of official documentation evidencing that he would only be required to serve thirty-one (31) years."

The petitioner complains on appeal that the trial court should have required the state to answer the petition and should have granted a hearing. He argues that his petition met the statutory requirements and that he was not required to offer evidence *in his petition* that his sentence has expired. He argues that he should have had the opportunity to present proof at an evidentiary hearing. The state argues that the petition was properly dismissed because it failed to show that the sentence had expired. The state characterizes the petitioner's claim as an attempt to use *habeas corpus* to review the application of sentence reduction credits, an administrative matter for the TDOC and not a subject for *habeas corpus* relief.

At the outset, we conclude that the trial court erred when it held that Tennessee Code Annotated section 29-21-107(b)(2) required that the petitioner append to his petition "copies of official documentation evidencing that he would only be required to serve thirty-one (31) years of the conviction in question." Code section 29-21-107 lists the requirements for a petition for a writ of *habeas corpus*. It requires the attachment of a copy of the "legal process" by which the petitioner is restrained, and in the present case, the petitioner met this requirement by appending to his petition copies of his conviction judgment. See Tenn. Code Ann. § 29-21-107(b)(2) (1997); see also State ex rel Wood v. Johnson, 393 S.W.2d 135, 136 (Tenn. 1965). Although a petitioner must include sufficient allegations to merit a hearing, we find no *per se* requirement that a petitioner attach any documentation other than the "legal process." Moreover, we assume that the petitioner's basis for claiming that he could serve his 60-year sentence in 31 years is a matter of statutory interpretation. See Tenn. Code Ann. § 40-3612 (1975) (recodified as Tenn. Code Ann. § 40-28-115 (1997)) (person incarcerated in prison pursuant to a determinate sentence "shall . . . be subject to parole" after serving "a period of time equal to one half (½) of the sentence imposed"). Nevertheless, even though the trial court erred in holding that the petitioner was required to attach proof of parole eligibility, parole eligibility is irrelevant to our resolution of this case, and we conclude that the petition was properly dismissed for the reasons explained below.

*Habeas corpus* relief is available in Tennessee only when the face of the judgment or the record of the proceedings upon which the judgment is rendered reveals (a) that the convicting court was without jurisdiction or authority over the petitioner, or (b) that the petitioner's sentence of imprisonment has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The petitioner

in the present case claims that his sentence has expired. He makes no claim that the conviction court lacked jurisdiction.

Even if we were to accept the petitioner's premise that he has been awarded approximately 22 years of sentence reduction credits, he is not entitled to *habeas corpus* relief. The face of the judgment shows the imposition of a 60-year sentence which commenced in 1980. Even if the credits equate to an acceleration of his sentence expiration by 22 years, his petition demonstrates that his sentence expires no sooner than 2017.

The fact that he may become eligible for parole before 2017 - - or may have already become eligible for parole - - is of no consequence in this *habeas corpus* proceeding. See Carl Ed Leming v. State, No. 03C01-9603-CC-00119, slip op. at 2 (Tenn. Crim. App., Knoxville, Apr. 22, 1997). The availability of *habeas corpus* in the present case depends upon sentence expiration. "[R]elease eligibility does not amount to an entitlement to immediate release." Id. "Parole does not cause the sentence to expire or terminate but is merely a conditional release." Baker v. State, 951 S.W.2d 1, 2 (Tenn. Crim. App. 1997); see also Howell v. State, 569 S.W.2d 428, 432 (Tenn. 1978).

The petitioner has failed to show that his sentence has expired. "When it is clear from the petition that the petitioner is not entitled to relief, the trial court is not required to conduct an evidentiary hearing or appoint counsel to represent the petitioner." Carl Ed Leming, slip op. at 2; see also Tenn. Code Ann. § 29-21-109 (1980).

Accordingly, we affirm that trial court's dismissal of the petition.

_____
JAMES CURWOOD WITT, JR., JUDGE