# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 8, 2001

## DANNY J. WILSON v. FRED J. RANEY, Warden

**Direct Appeal from the Circuit Court for Lake County**
**No. 00-CR-8094     R. Lee Moore, Jr., Judge**

---

**No. W2000-03066-CCA-R3-CV  -  Filed May 29, 2001**

---

The petitioner was sentenced to an effective ten-year sentence on December 13, 1990, and on December 20, 1991, he received an additional two-year sentence for felony escape, to be served consecutively to his original sentences. He filed a petition for writ of habeas corpus claiming that he was being illegally restrained because, by his calculations, his sentence had expired. The post-conviction court denied the petition, as well as a subsequent petition to rehear, and the petitioner timely appealed. We affirm the judgment of the trial court denying the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which L. TERRY LAFFERTY, SR.J., joined. DAVID H. WELLES, J., Not Participating.

Danny J. Wilson, Northwest Correctional Complex, Pro Se.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner, Danny J. Wilson, an inmate at the Northwest Correctional Complex, filed a petition for writ of habeas corpus, in the Lake County Circuit Court, claiming the sentences by which he was being confined had expired, resulting in his being confined illegally. The sentences of which he complains are as follows:

> 90-717 (count one) - Aggravated Burglary - 12/13/90 - sentenced to six years confinement;
>
> 90-717 (count two) - Aggravated Burglary - 12/13/90 - sentenced to six years confinement, to be served concurrently with count one;

90-719 (count one) - Burglary - 12/13/90 - sentenced to four years confinement, to be served consecutively to the sentences in indictment 90-717; and

91-063 (count one) - Felony Escape - 12/20/91 - sentenced to two years confinement, to be served consecutively to all other sentences.

In his petition for writ of habeas corpus, the petitioner alleged that he had been in custody of the Tennessee Department of Correction since November 16, 1990, and that he was entitled to 730 days sentence credits. Thus, according to the petitioner's calculations, deducting these credits from his sentence of twelve years results in the expiration of his sentence and entitles him to habeas corpus relief because Warden Fred J. Raney refuses to release him.

The post-conviction court denied relief, concluding that "[t]he Court has no jurisdiction as to release eligibility status unless a sentence has expired or is void. Petitioner is serving an effective twelve year sentence that has not expired nor is it void."

The petitioner then filed a petition to rehear with the post-conviction court, arguing that he had presented a *prima facie* case and that his calculations were "indisputable" as to the sentence credits to which he was entitled. The post-conviction court again denied relief, and the petitioner timely appealed.

As explained by our supreme court in Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993), habeas corpus relief is available in Tennessee only when the face of the judgment or record of the proceedings upon which the judgment is rendered shows that the convicting court was without jurisdiction or authority over the petitioner, or the sentence of imprisonment has expired. Here, the claim is that the sentences have expired as the result of certain sentence credits which he has received or should have received. However, habeas corpus relief is available only when a sentence has expired, not where, as the petitioner claims, deducting his sentence credits from his sentences, he is entitled to release. The petitioner's petition, and what appears to be a Tennessee Department of Correction printout attached to the petition, state that the effective date of the twelve-year sentence is November 16, 1990. That printout also sets out that the "expiration date" of the petitioner's sentences is May 1, 2002, and that the "full expiration date" is January 6, 2003. We merely note these additional dates, but do not necessarily accept them as correct. However, the fact remains that twelve years has not yet passed from November 16, 1990, the effective date of the petitioner's sentence. The fact that the petitioner may be entitled to release, when his sentence credits are taken into account, does not mean that his sentence has expired, a prerequisite before the relief which he seeks can be granted. Baker v. State, 951 S.W.2d 1, 2 (Tenn. Crim. App.1997) ("Parole does not cause the sentence to expire or terminate but is merely a conditional release."); Carl Ed Leming v. State, No. 03C01-9603-CC-00199, 1997 WL 198782, at *2 (Tenn. Crim. App., Knoxville, Apr. 22, 1997) ("[R]elease eligibility does not amount to an entitlement to immediate release.").

## CONCLUSION

The petitioner has failed to show that his sentences have expired.  Accordingly, we affirm the judgment of the post-conviction court denying the petition.

_____
ALAN E. GLENN, JUDGE