IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 7, 2017

## ERIC DEWAYNE WALLACE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lake County**
**No. 17-CR-10314       R. Lee Moore, Jr., Judge**

_____

### No. W2017-00690-CCA-R3-HC
_____

Eric Dewayne Wallace, Petitioner, filed a petition for writ of habeas corpus claiming that he was being illegally detained because his fifteen-year sentence for attempted first degree murder, which was ordered to be served consecutively to his life sentence for felony murder, has expired. The habeas corpus court summarily dismissed the petition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Eric Dewayne Wallace, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

Following a jury trial in 1995, Petitioner was convicted of murder in the perpetration of a felony ("felony murder") and attempt to commit first degree murder. Petitioner was sentenced to life imprisonment for felony murder and to a consecutive sentence of fifteen years as a Range I, standard offender for attempted first degree murder. Both judgments provided pretrial jail credit of 1,174 days. This court affirmed Petitioner's convictions and sentences. *See State v. Eric D. Wallace*, No. 02-C-01-9604-CR-00125, 1997 WL 421011, at * 1 (Tenn. Crim. App. July 28, 1997), *perm. app. denied* (Tenn. Apr. 6, 1998).

Petitioner has filed numerous pleadings since his convictions, all of which have been denied and dismissed. *See Eric Wallace v. State*, No. W2000-02854-CCA-R3-CD, 2002 WL 1483204, at *7 (Tenn. Crim. App. Feb. 19, 2002) (post-conviction relief denied after hearing), *perm. app. denied* (Tenn. Sept. 9, 2002); *Eric D. Wallace v. James M. Dukes, Warden*, No. W2002-00882-CCA-R3-CO, 2002 WL 31895727, at *2 (Tenn. Crim. App. Dec. 31, 2002) (first petition for habeas corpus relief), *perm. app. denied* (Tenn. Mar. 10, 2003); *Eric D. Wallace v. Stephen Dotson. Warden*, No. W2006-00908-CCA-R3-HC, 2007 WL 852173, at *2 (Tenn. Crim. App. Mar. 22, 2007) (second petition for habeas corpus relief), *perm. app. denied* (Tenn. Aug. 13, 2007); *Eric Dewayne Wallace v. State*. No. W2008-00867-CCA-R3-PC, 2009 WL 321294, at *2 (Tenn. Crim. App. Feb. 6, 2009) (petition to reopen his post-conviction proceedings); *Eric D. Wallace v. Stephen Dotson, Warden*, No. W2010-01784-CCA-R3-HC, 2011 WL 2120103, at *11 (Tenn. Crim. App. May 17, 2011) (third petition for habeas corpus relief), *no perm. app. filed; Eric D. Wallace v. Avril Chapman, Warden*, No. M2012-00749-CCA-R3-HC, 2012 WL 5543055, at *1 (Tenn. Crim. App. Nov. 9, 2012) (fourth petition for habeas corpus relief), *perm. app. denied* (Tenn. Mar. 5, 2013); *Eric Dewayne Wallace v. State*, No. W2013-02761-CCA-R3-PC, 2014 WL 6634436, at *1 (Tenn. Crim. App. Nov. 24, 2014) (second post-conviction relief petition), *no perm. app. filed; State v. Eric D. Wallace*, No. W2016-00907-CCA-R3-CD, 2017 WL 429573, at *1 (Tenn. Crim. App. Jan. 31, 2017) (Rule 36.1 motion),*no perm. app. filed.*

In the petition sub judice, his fifth seeking habeas corpus relief, Petitioner claims his fifteen-year sentence for attempted first degree murder has expired because he is entitled to jail credit for 1,174 days. He therefore claims "he is being illegally and unlawfully restrained of his freedom." He also claims that the Department of Correction is improperly crediting the 1,174 days only to the life sentence.

The habeas corpus court found that "[t]he judgment [for attempted first degree murder] is not void nor has the sentence expired" and summarily dismissed the petition. Concerning the jail credits, the habeas corpus court found that "[a]ny type of relief on this issue must be obtained through administrative means or by a lawsuit filed in the Chancery Court for Davidson County against the Tennessee Department of Correction[]" ("TDOC"). From the summary dismissal, Petitioner appealed.

**Analysis**

Habeas corpus relief may only be granted in limited circumstances. *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of

- 2 -

imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 362, 336-37 (1868)). "Whether habeas corpus relief should be granted is a question of law[,]" which we review de novo. *Edwards*, 269 S.W.3d at 920.

The offenses in this case were committed on July 10, 1992, and Petitioner received an effective sentence of life plus fifteen years. The release eligibility for a life sentence imposed for felony murder committed on July 10, 1992, "shall occur after service of sixty percent (60%) of sixty (60) years less sentence credits earned and retained by the defendant." Tenn. Code Ann. § 40-35-501(g) (Supp. 1992). According to the judgment of conviction, the release eligibility for attempted first degree murder shall occur after service of thirty (30%) of fifteen years. As with his life sentence, the fifteen-year sentence is reduced by credits earned and retained by the Petitioner. A release eligibility date is simply the earliest date an incarcerated defendant becomes eligible for release on parole. *Davis v. State*, 313 S.W.3d 751, 756 (Tenn. 2010). Eligibility for release is not equivalent to a right to be released, and early release can be denied by the parole board. *Kaylor v. Bradley*, 912 S.W.2d 728, 734 (Tenn. Ct. App. 1995). "For consecutive sentences, the periods of ineligibility for release are calculated for each sentence and are added together to determine the release eligibility date for the consecutive sentences." Tenn. Code Ann. § 40-35-501(h) (Supp. 1992); *Stewart v. Schofield*, 368 S.W.3d 457, 464 (Tenn. 2012).

Petitioner is eligible for release on his life sentence after the service of thirty-six (36) years and is eligible for release on his fifteen-year sentence after service of four and one-half (4½) years. Petitioner would therefore be eligible for release after the service of forty and one-half (40½) years less sentence credits earned and retained by Petitioner. Even applying 1,174 days pretrial jail credit to both sentences, Petitioner would not be eligible for release on parole until 2026. Even if released at that time, "[p]arole does not constitute the termination or expiration of a sentence, but merely is a form of conditional release." *Raymond Mitchell, III v. State*, No. M2007-02716-CCA-R3-HC, 2008 WL 4735500, at *5 (Tenn. Crim. App. Oct. 27, 2008) (citing *Doyle v. Hampton*, 340 S.W.2d 891, 893 (Tenn. 1960); *Baker v. State*, 951 S.W.2d 1, 2 (Tenn. Crim. App. 1977)).

Summary dismissal of the habeas corpus petition was appropriate because Petitioner's sentence has not expired, and he was not being restrained of his liberty.

Petitioner concedes that the trial court awarded pretrial jail credit. His reason for claiming that his fifteen-year sentence has expired relates to his understanding of how TDOC is calculating his fifteen-year sentence. Although "the award of pretrial jail credits lies strictly within the jurisdiction of the trial court rather than the Department of Correction," *Charles Borum v. Henry Stewart*, No. W2012-00863-CCA-R3-HC, 2012

WL 3871466, at *2 (Tenn. Crim. App. Sept. 6, 2012), the calculation of release eligibility, which may be impacted by pretrial jail credit, is within the purview of TDOC. *See Stewart*, 368 S.W.3d at 464. "An inmate dissatisfied with TDOC's calculation of a release eligibility date may challenge the calculation, but the challenge must comply with the procedures of the U[niform] A[dministrative] P[rocedures]A[ct]." *Id.*; *see also* Tenn. Code Ann. § 4-5-101, *et seq.*

Furthermore, since the two sentences are to be served consecutively, Petitioner is not entitled to pre-trial jail credit for any days he was incarcerated for both offenses at the same time. *State v. Anthony L. Moore*, No. W2016-02601-CCA-R3-CD, 2017 WL 4051268, at *2 (Tenn. Crim. App., Sept. 13, 2017); *Timothy L. Dulworth v. Henry Steward*, No. W2012-00314-CCA-R3-HC, 2012 WL 2742210, at *2 (Tenn. Crim. App., July 9, 2012); and *Marvin Rainer v. David G. Mills*, No. W2004-02676-CCA-R3-HC, 2006 WL 156990, at *5 (Tenn. Crim. App., Jan. 20, 2006).

The habeas corpus court properly determined that the petition for writ of habeas corpus did not state a cognizable claim for relief and properly dismissed the petition without an evidentiary hearing and without appointing a lawyer. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

**Conclusion**

The judgment of the habeas corpus court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE