IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2012

**FRED SMITH v. HENRY STEWARD, WARDEN**

**Direct Appeal from the Circuit Court for Lake County**
**No. 12-CR-9685    R. Lee Moore, Jr., Judge**

**No. W2012-00633-CCA-R3-HC  - Filed November 19, 2012**

The Petitioner, Fred Smith, appeals the Lake County Circuit Court's dismissal of his petition for a writ of habeas corpus, arguing that his fifty-year sentence for second degree murder is illegal. Upon review of the record and the parties' briefs, we conclude that the habeas corpus court properly dismissed the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**.

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, and ROGER A. PAGE, JJ., joined.

Fred Smith, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; and C. Phillip Bivens, District Attorney General; for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The Petitioner was originally charged with first degree murder. On March 2, 1989, he pled guilty to second degree murder. Pursuant to the 1982 Sentencing Act, second degree murder was classified as a Class X felony and carried a range of punishment from ten years to life. See Tenn. Code Ann. §§ 39-2-211(b), -212 (1982) (repealed 1989). According to the judgment, the Petitioner was sentenced as a Range I, standard offender to confinement "for a period of not less than 50 yrs at 30% and not more than 50 yrs at 30%."

On April 30, 1999, the Petitioner filed a pro se habeas corpus petition, arguing that

he had bargained for a fifteen-year-sentence, which had expired on October 21, 1998. The circuit court dismissed the petition, and this court affirmed the lower court. See Fred E. Smith v. State, No. 02C01-9906-CC-00185, 1999 Tenn. Crim. App. LEXIS 1084 (Jackson, Oct. 28, 1999). On June 9, 2006, the Petitioner filed a second petition for writ of habeas corpus, alleging that "the language set forth in the judgment of conviction reflects a fifteen year sentence in accordance with the 1982 Sentencing Act and not a fifty-year sentence." State v. Fred E. Smith, No. W2006-02504-CCA-R3-HC, 2007 Tenn. Crim. App. LEXIS 645, at *5 (Jackson, Aug. 13, 2007). Once again, this court affirmed the lower court's dismissal of the petition. Id. at *8. In its analysis, this court, relying on Hoover v. State, 215 S.W.3d 776 (Tenn. 2007), noted that although the Petitioner's fifty-year sentence exceeded the maximum sentencing range for a Range I offender, it was not illegal because it fell within the maximum punishment range of sixty years authorized for Class X felony offenses such as second degree murder. Id. at **6-8.

On February 13, 2012, the Petitioner filed his third and current petition for writ of habeas corpus. In the petition, he argued that his thirty percent release eligibility limited his sentence to fifteen years and, therefore, that his sentence had expired. In the alternative, he argued that his fifty-year sentence was illegal because the 1982 Sentencing Act mandated a maximum sentence of thirty-five years for a Range I, standard offender convicted of second degree murder and because his thirty percent release eligibility improperly converted his determinant fifty-year sentence into an indeterminant sentence.

In a written order, the habeas corpus court stated that "[t]hese are the same issues raised in his prior petitions for habeas corpus relief." Nevertheless, the court stated that the Petitioner's fifty-year sentence was not illegal because "[a] plea-bargain sentence is legal so long as it does not exceed the maximum punishment authorized for the plea offense" and because "a knowing and voluntary guilty plea waives any irregularity as to the offender classification or release eligibility." The habeas corpus court denied the petition for relief.

## II. Analysis

On appeal, the Petitioner acknowledges that the issue regarding his fifteen-year sentence and the expiration of that sentence has been previously determined. However, he contends that the remaining two issues have not been raised in his previous petitions. Therefore, he maintains that his fifty-year sentence is illegal because the 1982 Sentencing Act mandated a maximum sentence of thirty-five years for a Range I, standard offender convicted of second degree murder and because his thirty percent release eligibility converted his determinant fifty-year sentence into an indeterminant sentence. The State does not address the Petitioner's claims, stating that the record "clearly [shows] that the legality of the defendant's sentence and its nature as a determinate sentence have clearly been previously

litigated."

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101.

Upon a careful review of this court's opinions from the Petitioner's 1989 and 2006 habeas corpus petitions, we are constrained to agree with the Petitioner that he did not raise these specific claims previously.[1] Nevertheless, in one opinion, this court noted why the Petitioner's current claim, that the trial court could not impose a sentence greater than thirty-five years for a Range I, standard offender convicted of second degree murder, must fail: "the petitioner's fifty-year sentence would not be an illegal sentence even though it exceeded the maximum sentencing range for a Range I offender because the sentence fell within the maximum punishment range of sixty years authorized for Class X felony offenses such as second degree murder." Fred E. Smith, No. W2006-02504-CCA-R3-HC, 2007 Tenn. Crim. App. LEXIS 645, at *8. Therefore, the habeas corpus court properly determined that the Petitioner was not entitled to relief on this issue.

Regarding the Petitioner's claim that his sentence is illegal because his thirty percent release eligibility improperly converted his fifty-year determinate sentence into a indeterminate sentence, this court has explained as follows:

> Parole does not terminate a prisoner's sentence. See Howell v. State, 569 S.W.2d 428, 432 (Tenn. 1978). While the prisoner is released from confinement, the sentence continues and the parolee "is still in the custody of the penal authorities of the State." Doyle v. Hampton, 207 Tenn. 399, 340 S.W.2d 891, 893 (Tenn. 1960). Parole does not cause the sentence to expire or

---

[1]Therefore, the State should have addressed the issues.

terminate. <u>Id.</u> Thus, the possibility of parole does not cause a sentence to be indeterminate. Range classifications and release eligibility determinations do not create the possibility of indeterminate sentences. <u>See also</u> <u>Steve L. Bryant</u>, slip op. at 4 (ruling that "parole does not cause a sentence to expire or terminate but is a conditional release from more restrictive confinement").

<u>Kim Lamar Witt v. State</u>, C.C.A. No. 01C01-9606-CR-00274, 1997 Tenn. Crim. App. LEXIS 765, at **5-6 (Nashville, Aug. 15, 1997). Thus, the Petitioner also is not entitled to relief on this issue.

### III. Conclusion

Based upon the record and the parties' briefs, we conclude that the habeas corpus court properly denied the petition.

_____
NORMA McGEE OGLE, JUDGE